UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NAGLREITER CONSULTING, LLC,
 d/b/a NAGLREITER MDDO,

        Plaintiff,                              Case no. _____

vs.

TITAN MEDICAL INC.,

        Defendant.
_____/

# COMPLAINT

Plaintiff, NAGLREITER CONSULTING, LLC, d/b/a Naglreiter MDDO ("Naglreiter MDDO"), sues Defendant, TITAN MEDICAL INC. ("Titan"), and alleges as follows:

1. This is an action between a citizen of the State of Florida and a foreign corporation with substantial contacts in the State of Florida, for damages exceeding $75,000.00, exclusive of interest, costs and attorneys' fees.

2. The Court's subject matter jurisdiction over this matter is premised upon 28 U.S.C. §1332(a)(2), because:

    a. Plaintiff, Naglreiter MDDO, is a Florida limited liability company with its principal place of business located in Miramar, Florida. Naglreiter MDDO provides third parties with professional services regarding the design, development and commercialization of medical devices out of its Miramar facility;

    b. Defendant, Titan, is a publicly-traded Ontario, Canada corporation with its principal place of business located in Toronto, Ontario, Canada. Titan maintains it is in the business of designing, developing and commercializing new robotic surgical devices,

and that it presently is in the process of developing the SPORT Surgical System, a robotic surgery system; and

    c.    The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

3. Defendant, Titan, carries on a business or business venture within the State of Florida.

4. Defendant, Titan, entered into a contract in the State of Florida that required performance within the State of Florida. Titan breached that contract by failing to perform acts in Florida that are required to be performed, under the contract, in Florida.

5. Defendant, Titan, has engaged in substantial and not isolated activity within the State of Florida.

6. Effective June 1, 2019, Naglreiter MDDO and Titan entered into a Provider Services Agreement (the "PSA"). Under the PSA, Titan retained and engaged Naglreiter MDDO to perform "Services" (as that term is defined in the PSA) and produce and deliver "Deliverables" (as that term is defined in the PSA), as set forth in a separate Statements of Work to be prepared subsequently. The PSA contains a confidentiality provision that may preclude Naglreiter MDDO from attaching it as an exhibit to this Complaint.

7. On August 3, 2019, Naglreiter MDDO and Titan mutually executed a Statement of Work – Instruments Program (the "SOW-INS"), under which the parties agreed Naglreiter MDDO would provide to Titan the design for certain multi-articulated instruments that would be part of the Titan SPORT Surgical System.

8.      Also on August 3, 2019, Naglreiter MDDO and Titan mutually executed a Statement of Work – Camera Insertion Tube Program (the "SOW-CIT"), under which the parties agreed Naglreiter MDDO would provide to Titan the design for a camera insertion tube that would be part of the Titan SPORT Surgical System.

9.      Under the PSA, the SOW-INS and the SOW-CIT (together the "Contract Documents"), Naglreiter MDDO was to prepare and issue to Titan a monthly invoice for each Statement of Work. Specifically, on or about the first day of each calendar month, Naglreiter MDDO was to prepare and issue an invoice, for each SOW, for the Total Monthly Prepayment Amount (as that term is defined in the PSA), representing an advance billing of a percentage of the total budgeted amounts for such calendar month as set forth in each SOW's budget.

10.     Under the PSA and the SOW–INS, Naglreiter MDDO issued the following invoices and sent them, by e-mail, to the address required under the Contract Documents:

    a.      An invoice dated August 1, 2019, for the SOW-INS, in the amount of $1,101,958.00 (sent on June 23, 2019);

    b.      An invoice dated September 1, 2019, for the SOW–INS, in the amount of $1,049,027.00 (sent on September 1 , 2019);

    c.      An invoice dated September 30, 2019, reflecting an adjustment for expenses incurred for the months of August & September, 2019, in the amount of $26,176.76; and

    d.      An invoice dated October 1, 2019, for the SOW-INS, in the amount of $1,217,457.50 (sent on September 27, 2019).

11.     Under the PSA and the SOW–CIT, Naglreiter MDDO issued the following invoices and sent them, by e-mail, to the address required under the Contract Documents:

  a. An invoice dated August 1, 2019, for the SOW-CIT, in the amount of $612,471.00 (sent on June 23, 2019);

  b. An invoice dated September 1, 2019, for the SOW–CIT, in the amount of $612,471.00 (sent on September 1, 2019);

  c. An invoice dated September 30, 2019, reflecting an adjustment for expenses incurred for the months of August & September, 2019, in the amount of $12,274.37; and

  d. An invoice dated October 1, 2019, for the SOW-CIT, in the amount of $364,308.00 (sent on September 27, 2019).

12. Titan was obligated to pay both the invoices dated August 1, 2019 identified above (the "August First Invoices"), within ten business days of August 1, 2019, making the payment due date August 15, 2019. However, Titan did not pay the amounts owed on the August Invoices when due, nor did Titan advise Naglreiter MDDO that Titan in good faith disputed the invoices or any portions thereof.

13. Titan was obligated to pay both invoices dated September 1, 2019 identified above (the "September Invoices"), within ten business days of September 1, 2019, making the payment due date September 16, 2019. However, Titan did not pay the amounts owed on the September Invoices when due, nor did Titan advise Naglreiter MDDO that Titan in good faith disputed the invoices or any portions thereof.

14. By letter dated October 4, 2019, from Naglreiter MDDO to Titan, Naglreiter MDDO declared Titan in default under the Contract Documents for failure to make required payments, and advised Titan that it had five business days to cure the default.

15. By letter dated October 11, 2019, from Titan to Naglreiter, Titan claimed to terminate the Contract Documents, and instructed Naglreiter MDDO to perform no further services under them. Titan thus terminated the Contract Documents for convenience, as permitted by Section 11.2 of the PSA, effective October 11, 2019.

16. By letter dated October 14, 2019, Naglreiter MDDO acknowledged Titan had terminated the Contract Documents for convenience, and it also advised Titan it was terminating the Contract Documents due to Titan's failure to cure payment defaults within five business days of the October 4, 2019 letter.

17. As a consequence of Titan's breach of the Contract Documents, Naglreiter MDDO has been damaged in its business and property.

18. Naglreiter MDDO has been compelled to employ its undersigned attorneys and is obligated to pay them a reasonable fee; such fee is recoverable under the terms of the Contract Documents.

19. All conditions precedent to the relief demanded herein have been performed or have occurred.

WHEREFORE, Naglreiter MDDO demands entry of a judgment in its favor and against Titan for its damages, together with prejudgment interest, costs, and reasonable attorneys' fees.

Dated: October 16, 2019.     Respectfully submitted,

/s/ Mark J. Bernet
Mark J. Bernet
Florida Bar No. 606359
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida  33602
Telephone:  (813) 223-7333
Facsimile:  (813) 218-5495
Email: mark.bernet@akerman.com
Email: judy.barton@akerman.com
Email: serena.vestinos@akerman.com

and

Ashley A. Sawyer
Florida Bar No. 0012131
AKERMAN LLP
350 E. Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Email:  ashley.sawyer@akerman.com
Email:  jill.parnes@akerman.com

*Attorneys for Naglreiter Consulting, LLC*

50493237;1